IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK S. MOFFETT,

        Plaintiff,                    No. CIV S-07-2582 GEB KJM P

    vs.

B. WILLIAMS,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, alleging that defendant Williams has delayed surgery to repair plaintiff's dislocated shoulder. Defendant has filed a motion to dismiss on the ground that plaintiff had failed to exhaust administrative remedies before filing suit.

I. Exhaustion Under The PLRA

        The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200

1

1  (2d Cir. 2002).   To satisfy the exhaustion requirement, a grievance must alert prison officials to
2  the claims the plaintiff has included in the complaint.  Porter v. Nussle, 534 U.S. 516, 524-25
3  (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address
4  complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d
5  1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as much relevant
6  information as he reasonably can in the administrative grievance process).

7         Proper exhaustion of available remedies is mandatory,  Booth v. Churner, 532
8  U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines
9  and other critical procedural rules ...,"; Woodford v. Ngo, 548 U.S. 81, 90 (2006).  An inmate is
10  required to exhaust those remedies which are available; for a remedy to be "available," there
11  must be the "possibility of some relief. . . ."  Booth, 532 U.S. at 738.

12         California prison regulations provide administrative procedures in the form of one
13  informal and three formal levels of review to address an inmate's claims.  See Cal. Code Regs.
14  tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has
15  received a "Director's Level Decision," or third level review, with respect to his issues or claims.
16  Cal. Code Regs. tit. 15, § 3084.5.  The grievance process must be completed before the inmate
17  files suit; exhaustion during the pendency of the litigation will not save an action from dismissal.
18  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

19         A motion to dismiss for failure to exhaust administrative remedies prior to filing
20  suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d
21  1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial
22  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at
23  /////
24  /////
25  /////
26  /////

1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119.  To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process.  Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case,. . . .  With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

II.  Plaintiff's Utilization Of The Grievance Process

In support of his motion, defendant offers only the declaration of N. Grannis, the chief of the Inmate Appeals Branch, who avers that, at the time of writing, plaintiff had not received a Director's Level disposition of any appeal since 2003.  Motion To Dismiss, Declaration of N. Grannis (Grannis Decl.) ¶¶ 3-4.  Grannis then states that on April 11, 2008, the Inmate Appeals Branch accepted plaintiff's appeal of grievance MCSP-A-07-03212, which challenges the care plaintiff has received or not received for his dislocated shoulder; Grannis estimates that this appeal will be resolved by sometime in July 2008.  Id. ¶ 5.

Plaintiff has provided a more complete record of his use of the grievance process. On November 19, 2007, plaintiff submitted a grievance, assigned Log No. MCSP-A-07-03212, complaining of the delay in receiving the necessary surgery on his shoulder and of the fact that the prescribed Vicodin did not provide relief for his constant pain.  Opposition (Opp'n) at 16.[1]

Section C of the form, entitled "Informal Level" has "11-26-07" filled in as the "date received" in the Health Care Appeals Office.  The nurse who responded to the grievance

---

[1] The court relies on the page numbers assigned by its CM/ECF system.

1 did not, however, note the date the form was returned to plaintiff. Id.

2 Thereafter, plaintiff pursued his grievance through the Director's Level; the date
3 the decision was issued does not clearly appear on the document. Id. at 12.

III. Analysis

Plaintiff argues that administrative remedies were rendered unavailable by the system's failure to respond in a timely fashion to his grievances; he argues, in fact, that the time limits were exceeded at each level of the process. Defendant counters that plaintiff did not wait until the time limit for the response to the informal level had passed before filing suit and so cannot rely on any perceived untimeliness to excuse his failure to exhaust. Reply at 3.

Several courts have held that administrative remedies are rendered unavailable when prison officials fail to respond within the time limits established by their own regulations. Whitington v. Ortiz, 472 F.3d 804, 807-08 (10th Cir. 2007); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001). Nevertheless, plaintiff cannot take advantage of these cases, for he filed suit before the response to his informal grievance was due.

Title 15 Cal. Code Regs. § 3084.6 provides in relevant part:

> (a) Commencement. Time limits for submitting or reviewing appeals shall commence upon the date of receipt of the appeal document by the appeals coordinator or the appellant.
>
> (b) Departmental response. Appeals shall be responded to and returned to the appellant by staff within the following time limits:
>
> > (1) Informal level responses shall be completed within ten working days.

Plaintiff has not disputed the fact that the reviewer in the Health Care Appeals Office received his grievance on November 26, 2007; ten working days from that date was December 7, 2007. Plaintiff signed his complaint on November 29, 2007 and it was filed in this court on December 3, 2007; both dates fell before the informal response to his grievance was due. Plaintiff's administrative remedies were thus still available to him when he filed suit.

/////

4

1       IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (docket
2 no.) 14 be granted.
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED:  February 5, 2009.

                                                           U.S. MAGISTRATE JUDGE

2

moff25482.57